UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICOLOSI DISTRIBUTING, INC., <br> Plaintiff, <br> v. <br> FINISHMASTER, INC., et al., <br> Defendants. | Case No. 18-cv-03587-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL** <br><br> [Re: ECF 23, ECF 25] |

Before the Court are Plaintiff Nicolosi Distributing, Inc.'s ("Plaintiff") Administrative Motion to File Under Seal Excerpts of Deposition of David Atwater and Exhibits Thereto (ECF 23) and Defendant Finishmaster, Inc.'s ("Defendant") Opposition/Response (ECF 25), which might more appropriately be labelled as a motion, because it agrees with Plaintiff's motion and also moves to have certain additional documents already filed by Plaintiff refiled under seal. For the reasons that follow, both Plaintiff's Motion and Defendant's motion in its Response are GRANTED IN PART AND DENIED IN PART.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and

2

must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed both Plaintiff's Motion and Defendant's Response, and the declarations filed in support of these documents. *See* Pl. Mot., ECF 23; Decl. of Herman Franck, ECF 23-2; Def. Resp., ECF 25; Decl. of Louis Juneau, ECF 25-2.

In its Motion, Plaintiff requests that the Court allow it to file certain documents, discussed below, under seal. But Plaintiff's Motion makes clear that Defendant is the one that has designated such documents as requiring sealing. *See* Pl. Mot. at 3. Even so, Plaintiff includes arguments in support of sealing these documents. Because the Defendant has designated these materials as confidential, the Court looks to Defendant's Response for arguments in support of sealing and takes Plaintiff's Motion as evidence that Defendant's Response is unopposed. *See* Civ. L.R. 79-5(e). Moreover, Defendant in its Response moves to seal additional documents not included in Plaintiff's Motion. In support of this motion, Defendant submits a joint stipulation demonstrating that Plaintiff does not oppose sealing of these additional documents. *See* ECF 25-1. As such, the Court considers Defendant's motion, as set forth in its Response, to be unopposed. In sum, no party opposes sealing of any of the documents discussed below.

Defendant moves to file four documents under seal for various reasons, including portions of a deposition transcript and three contracts produced pursuant to that deposition's subpoena. Defendant notes that each of these documents (including the deposition testimony) was produced subject to a stipulated state-court protective order in *Industrial Finishes & Systems, Inc. v. Automotive Collison Repair, LLC*, No. RG17851184 (Alameda Cnty. Super. Ct.) . *See* Resp. at 1.

1 This protective order applies only to the deposition at issue and the documents produced pursuant
2 to the deposition notice and subpoena. *See* ECF 23-3, Ex. A. Plaintiff has also submitted a state
3 court order denying Plaintiff's request to file under seal the deposition testimony at issue here,
4 wherein the state court judge ruled that the testimony should not be filed with that court in
5 redacted form. *See* ECF 23-3, Ex. C.

Defendant first argues that there are compelling reasons to seal three contracts filed in support of Plaintiff's Motion for a Preliminary Injunction. The first contract is a 2015 Customer Agreement between FinishMaster and a customer. Plaintiff attached this agreement as an exhibit to both of its declarations in support of its Motion for Preliminary Injunction, but did not file either declaration or the relevant exhibits under seal. *See* Decl. of Tony Nicolosi, ECF 24-2 at Ex. G; Decl. of Herman Franck, ECF 24-3 at Ex. H. Defendant requests that this Court order Plaintiff to withdraw these filings and refile them under seal. The second is a 2016 Customer Agreement between FinishMaster and a customer, which Plaintiff filed under seal. *See* Franck Decl., ECF 24-3 at Ex. M. And the third is a Requirements Agreement, which Plaintiff filed under seal under the same exhibit number as the deposition transcript it filed under seal. *See* Franck Decl., ECF 24-3 at Ex. I.

Defendant argues that each of these contracts is confidential and includes specific pricing terms, competitively sensitive information, and negotiation practices with customers. Specifically, the 2015 and 2016 Customer Agreements include "trade secrets and commercial practices, including product rates, rate structures, customers' purchase requirements, and the conditions for advance payments, among other proprietary information." Resp. at 2 (citing Juneau Decl. ¶¶ 4–5). Each of these contracts is kept strictly confidential, according to Defendant. Juneau Decl. ¶¶ 4–5. Likewise, it argues that the Requirements Agreement reflects sensitive business information, including product rates, exclusivity requirements, and other confidential terms. Resp. at 3 (citing Juneau Decl. ¶ 6). Defendant argues that if these contracts are publicly available, competitors could use the information included therein to undercut Defendant on the market. *See id.*

Defendant also seeks to seal the deposition testimony of its employee David Atwater, which Plaintiff filed under seal in support of its Motion for Preliminary Injunction. *See* ECF 24-3

4

at Ex. I. Plaintiff filed excerpts of the deposition transcript only, which includes approximately 27 pages out of a total transcript of 125 pages. *See* Pl. Mot. at 2. Defendant seeks to seal all pages of the excerpt, including pages 6–12, 36–41, and 44–51. In pages 6–10, Mr. Atwater describes his role as manager at Defendant's shop and generally describes the history of Defendant's sale of products to a customer. On pages 11–12, he discusses the details of the Requirements Agreement. On pages 36–41, Mr. Atwater discusses his distribution of certain products and recounts a specific negotiation with a buyer. On pages 44–51, Mr. Atwater discusses a deal he made with a customer in Oakland in October of 2016. *See* Pl. Mot. at 3. Defendant argues that these pages should be sealed because Mr. Atwater testifies about two topics: "(1) FinishMaster's contract terms and rates from its confidential contracts with customers; and (2) FinishMaster's negotiations with customers, including efforts to retain customers." Resp. at 3. Thus, the testimony reflects "contract terms, product rates, and rate structure" that are confidential, commercially sensitive business information. *Id.* Moreover, it argues that Mr. Atwater's discussion of business strategies and negotiations reveals important information to competitors who could use it to undercut Defendant.

The Court finds that compelling reasons exist to seal the three contracts and certain portions of the Atwater deposition transcript. As to the contracts, good cause exists because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements. *See Bestway (USA), Inc. v. Sgromo*, No. 17-CV-00205-HSG, 2018 WL 1411108, at *3 (N.D. Cal. Mar. 21, 2018) (finding compelling reasons to seal "proprietary and confidential business information"); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) ("Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information."). Public disclosure of this information to Defendant's competitors could harm Defendant.

The Court also finds that compelling reasons exist to seal most of the excerpt of Mr. Atwater's deposition filed by Plaintiff. As an initial matter, Plaintiff notes that the excerpts it has chosen to use in support of its Motion for Preliminary Injunction are narrowly tailored, such that only approximately one-fifth of the Atwater testimony is at issue here. *See* Pl. Mot. at 2. As to

5

the specific pages of that excerpt, pages 36–41 discuss a specific negotiation with a purchaser and negotiating techniques used by Mr. Atwater. These techniques constitute Defendant's confidential business practices, which is a compelling reason to seal them. Likewise, pages 44–51 contain a detailed discussion of a specific agreement between Mr. Atwater and a customer, including citing specific pricing information. As with the contracts, this information is confidential and release of such information could harm Defendant if publicly available to its competitors. For the same reason, there are compelling reasons to seal page 11, line 2 through page 12, because Mr. Atwater discusses the details of the Requirements Agreement, including confidential information. By contrast, page 6 through page 11, line 2, does not contain such details, and does not include any information that could not be ascertained from simply knowing that Defendant had a Requirements Agreement. For that reason, the court finds compelling reasons to seal the entirety of the Atwater deposition excerpt, except for page 6 through page 11, line 2.

### III. ORDER

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff is ORDERED to serve an unredacted copy of the Declaration of Herman Franck (ECF 24-3) on Defendants by **August 17, 2018**. The Court reminds Plaintiff of the importance of reading and complying with the Local Rules of this Court with respect to administrative motions to seal, including proper page limits, proper filing of redacted and unredacted versions of documents, and the proper use of declarations. Plaintiff failed to comply with several rules of this Court in filing this motion.

2. The 2015 Customer Agreement filed by Plaintiff in its Declaration of Tony Nicolosi, ECF 24-2 at Ex. G and Declaration of Herman Franck, ECF 24-3 at Ex. H should have been filed under seal. The Court ORDERS Plaintiff to refile the entirety of its Motion for Preliminary Injunction, including all supporting documents, as a separate docket entry, reflecting that these exhibits are filed under seal by **August 17, 2018**. The Court has sealed the previously filed documents at ECF 24-2 and 24-3, and Plaintiff need not refile them again under seal. Plaintiff's corrected filing will not change the current briefing schedule on the Motion for Preliminary Injunction.

3. The 2016 Customer Agreement, filed by Plaintiff in its Declaration of Herman Franck, *ECF* 24-3 at Ex. M, was appropriately filed under seal. Because Plaintiff has already filed an unredacted version under seal, no further action is required beyond service of the unredacted version on Defendant.

4. The Requirements Agreement, filed by Plaintiff in its Declaration of Herman Franck, ECF 24-3 at Ex. I, was appropriately filed under seal. Because Plaintiff has already filed an unredacted version under seal, no further action is required beyond service of the unredacted version on Defendant.

5. The deposition transcript of David Atwater was inappropriately filed completely under seal by Plaintiff in its Declaration of Herman Franck, ECF 24-3 at Ex. I. Plaintiff is ORDERED to refile this Exhibit as part of its separate docket entry refiling its Motion for Preliminary Injunction, with the entire document redacted except page 6 through page 11, line 2.

**IT IS SO ORDERED.**

Dated: August 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge