**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICOLOSI DISTRIBUTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FINISHMASTER, INC., et al.,<br><br>Defendants. | Case No. 18-cv-03587-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 31] |

Before the Court is Plaintiff Nicolosi Distributing, Inc.'s ("Plaintiff") Administrative Motion to File Under Seal Excerpts of Deposition of David Atwater and Exhibits Thereto in support of its Opposition to Motion to Dismiss (ECF 31) and Defendant Finishmaster, Inc.'s ("Defendant") Response (ECF 33). For the reasons that follow, Plaintiff's Motion to Seal is GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, a "'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable

material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed both Plaintiff's Motion and Defendant's Response, and the declarations filed in support of these documents. *See* Mot., ECF 31; Decl. of Herman Franck, ECF 31-2; Resp., ECF 33; Decl. of Louis Juneau ("Juneau Decl."), ECF 33-2. Defendant is the designating party, so the Court considers only Defendant's arguments in support of Plaintiff's motion. *See* Civ. L.R. 79-5(e). Because these documents were filed in relation to a motion to dismiss—a filing that is "more than tangentially related to the underlying cause of action"— Defendant must put forth "compelling reasons" for the sealing. *Chrysler Grp.*, 809 F.3d at 1099.

Defendant moves to file four documents under seal for various reasons, including portions of a deposition transcript and three contracts produced pursuant to that deposition's subpoena.

As to the three contracts, Defendant seeks to file under seal a 2015 Customer Agreement between Defendant and a customer, a 2016 Customer Agreement between Defendant and a customer, and a Requirements Agreement. *See* Decl. of Herman Franck, ECF 31-3, Exs. H, I, M. Defendant argues that each of these contracts is confidential and includes specific pricing terms, competitively sensitive information, and negotiation practices with customers. Specifically, the 2015 and 2016 Customer Agreements detail Defendant's commercial practices, including product rates, rate structures, customers' purchase requirements, and the conditions for advance payments, among other proprietary information. Juneau Decl. ¶¶ 4–5. Each of these contracts is kept strictly confidential, according to Defendant. *Id.* Likewise, it argues that the Requirements Agreement reflects sensitive business information, including product rates, exclusivity requirements, and other confidential terms. *Id.* ¶ 6. Defendant argues that if these contracts are publicly available, competitors could use the information included therein to undercut Defendant on the market. *Id.*

3

¶ 7.

Defendant also seeks to seal the deposition testimony of its employee David Atwater. *See* Atwater Depo., ECF 31-3 at Ex. I. Plaintiff filed excerpts of the deposition transcript only, which includes approximately 27 pages out of a total transcript of 125 pages. Defendant seeks to seal all pages of the excerpt, except page 6 through page 11, line 2. Resp. at 1. On pages 11–12, Mr. Atwater discusses the details of the Requirements Agreement. *See* Atwater Depo. On pages 36–41, Mr. Atwater discusses his distribution of certain products and recounts a specific negotiation with a buyer. *Id.* On pages 44–51, Mr. Atwater discusses a deal he made with a customer in Oakland in October of 2016. *Id.* Defendant argues that these pages should be sealed because Mr. Atwater testifies about commercially sensitive and confidential trade secrets, including negotiations with a customer, such that disclosure of this information could allow competitors to undercut Defendant. Juneau Decl. ¶¶ 8–11.

The Court finds that compelling reasons exist to seal the three contracts and the requested portions of the Atwater deposition transcript. As to the contracts, compelling reasons exist because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements. *See Bestway (USA), Inc. v. Sgromo*, No. 17-CV-00205-HSG, 2018 WL 1411108, at *3 (N.D. Cal. Mar. 21, 2018) (finding compelling reasons to seal "proprietary and confidential business information"); *Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) ("Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information."). Public disclosure of this information to Defendant's competitors could harm Defendant. Moreover, the Court has previously sealed these documents in this case. *See* ECF 26.

The Court also finds that compelling reasons exist to seal the requested excerpts of Mr. Atwater's deposition filed by Plaintiff. As an initial matter, the excerpts Plaintiff has chosen to file are narrowly tailored, such that only approximately one-fifth of the Atwater testimony is at issue here. As to the specific pages of that excerpt, pages 36–41 discuss a specific negotiation with a purchaser and negotiating techniques used by Mr. Atwater. These techniques constitute

4

1  Defendant's confidential business practices, which is a compelling reason to seal them.  Likewise, pages 44–51 contain a detailed discussion of a specific agreement between Mr. Atwater and a customer, including citing specific pricing information.  As with the contracts, this information is confidential and release of such information could harm Defendant if made publicly available to its competitors.  For the same reason, there are compelling reasons to seal page 11, line 2 through page 12, because Mr. Atwater discusses the details of the Requirements Agreement, including confidential information.  Moreover, the Court has previously sealed these documents in this case.  *See* ECF 26.  For these reasons, the court finds compelling reasons to seal the entirety of the Atwater deposition excerpt, except for page 6 through page 11, line 2.

For the reasons set forth above, the Court ORDERS the following documents may be filed under seal:  the 2015 Customer Agreement, the 2016 Customer Agreement, the Requirements Agreement, and the entirety of the Atwater deposition excerpt, except page 6 through page 11, line 2.  *See* Decl. of Herman Franck, ECF 31-3, Exs. H, I, M.  Because Plaintiff has already filed an unredacted version of each of these documents under seal, no further action is required.

**IT IS SO ORDERED.**

Dated: August 28, 2018

_____
BETH LABSON FREEMAN
United States District Judge