# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NICOLOSI DISTRIBUTING, INC.,

Plaintiff,

v.

FINISHMASTER, INC., et al.,

Defendants.

Case No. 18-cv-03587-BLF

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO SET A HEARING DATE**

[Re: ECF 36]

Before the Court is Plaintiff Nicolosi Distributing, Inc.'s ("Plaintiff") administrative motion to set a hearing date on its yet-to-be-filed motion to convert its pending preliminary injunction motion (ECF 28) into a motion for summary judgment. *See* ECF 36. Plaintiff moves for its motion to convert to be heard on September 20, 2018—the date of the preliminary injunction hearing—which essentially amounts to a motion to shorten the time required for notice of and briefing on the motion to convert. Plaintiff submits that all briefs and supporting evidence filed in regard to the preliminary injunction be deemed the papers for and against partial summary judgment. Defendants FinishMaster, Inc. and Uni-Select, Inc. ("Defendants") oppose this motion because it does not comport with the local rules or this Court's standing order concerning motions, and because Plaintiff has not provided sufficient cause for the requested shortening of time.

This Court agrees with Defendants. Civ. L.R. 7-2(a) requires a motion be served and noticed for hearing not less than 35 days after the filing of the motion. Moreover, Civ. L.R. 7-3(a) gives the opposing party 14 days to draft its opposition. Even if Plaintiff filed its motion to convert today, Defendants would not have the necessary time to oppose it, and it would clearly not comply with the 35-day notice requirement. Such a result would be unfair to Defendants, and Plaintiff provides no real justification to outweigh that prejudice. As such, the Court DENIES

1 Plaintiff's administrative motion to set a hearing date.

2 Although Defendant does not directly raise the issue, it appears that it would be fundamentally unfair to convert Defendants' opposition to preliminary injunction into its opposition to summary judgment. A party's burden to defeat summary judgment is wholly different than the necessary showing to defeat a preliminary injunction. Further, although it is suggested that the September 20, 2018 hearing be reset to October 11, 2018, the Court's calendar is full on that date. Matters are currently being set in February 2019. The Court suggests that Plaintiff consider withdrawing its pending preliminary injunction motion and filing a summary judgment motion in its stead, noticed for the next available hearing date.

**IT IS SO ORDERED.**

Dated: September 5, 2018

_____
BETH LABSON FREEMAN
United States District Judge